# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BRYAN SANDOVAL,

    Plaintiff,

  v.                                                            No. CIV 09-1110 LH/ACT

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and will waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names the United States as the sole Defendant. Plaintiff alleges that he had completed a prison term imposed by this Court and was on supervised release when he was arrested by a New Mexico municipal police officer. The arrest occurred while Plaintiff was visiting a federal probation office. He was allegedly detained without a hearing, and he had not been given a hearing by the time he filed this complaint. Plaintiff contends that these actions violated a number of his constitutional protections. The complaint seeks damages and requests a hearing for disposition of the federal criminal proceeding against him. Recent filings in Plaintiff's criminal case, No. CR 04-1636 MCA, include a pending petition for revocation of supervised release. Correspondence in the criminal record indicates that Plaintiff is in state custody and federal authorities have lodged a detainer against him for proceedings on the revocation petition when he is released.

Plaintiff's claims for damages appear to call into question the constitutionality of proceedings under the judgment in his criminal proceeding. This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. The complaint does not allege that Plaintiff's conviction or sentence has been set aside, *id*. at 486-87, and the revocation petition has not been adjudicated. Plaintiff's allegations of lack of hearing, therefore, fail to state a claim cognizable under § 1983. *See Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001) (noting that *Heck* applies even if complaint is filed before disposition of criminal matter); *and see Fottler v.*

*United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).  Furthermore, as to Plaintiff's request for a hearing, the Court in this civil action may not conduct proceedings on criminal matters.

    IT IS THEREFORE ORDERED that Plaintiff's motions for leave to proceed in forma pauperis (Docs. 2, 4) are GRANTED, and the initial partial payment is WAIVED;

    IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice, pending motions are DENIED as moot, and judgment will be entered.

                                                _____
                                                SENIOR UNITED STATES DISTRICT JUDGE